THE INDEPENDENT SCHOOL DISTRICT OF MCCOWEN, Appellant, v. THE LOCAL BOARD OF REVIEW, THE INDEPENDENT SCHOOL DISTRICT OF JACKSON, ED ANDERSON and ERIC WAHL, Appellees.

**Taxation:** ASSESSMENT: ' POWER OF BOARD OF REVIEW. A board of review has no authority to determine in what locality personal property shall be assessed, or to transfer it when listed by the assessor from one district to another.

*Appeal from Page District Court.*— Hon. A. B. THORNELL, Judge.

TUESDAY, JULY 10, 1906.

THE territory of the Independent School District of McCowen lies contiguous to that of the Independent School District of Jackson, and both are wholly within Nodaway township in Page county.   A tract of land fenced and cross-fenced without reference to section or half section lines and not fenced on the lines separating the above districts, consisting of about one thousand one hundred acres, owned by Ed Anderson, was operated as one farm.   About two-thirds of the land, including most of the pasture and barn, lies in the McCowen district, while the other one-third, on which was located a dwelling house in which Eric Wahl, who as partner of Anderson, managed the farm, resided with his family, was in the Jackson district, and his children attended the school therein.   The cattle and colts were owned by these men as partners, but one-half was assessed to each and the assessment with that of the horses and mules belonging to Wahl amounted to $7,432, and all were kept the greater part of the year preceding January 1, 1905, on the land in the McCowen district and was owned by them on that day.   Anderson lives in another county.   The assessor entered the property as assessable for school purposes in the Jackson district.   Anderson and Wahl had a large amount of live stock which was kept on the land in the latter district during the time referred to.   The residence mentioned is the only one on the farm, and Wahl's family the only one living thereon.   Neither Wahl nor Anderson have made any complaint as to the assessment; but both object to having any part of the property assessed for the benefit of the McCowen district.   The directors of the latter district presented a petition reciting, in substance, the foregoing facts and praying that the matters stated be looked into and that property,

such as should be, be entered for assessment in the McCowen district, to the local board of review of Nodaway township. The defendants moved that it be dismissed for want of jurisdiction. This was overruled, but, on hearing, relief denied. Thereupon an appeal was taken to the district court, where the motion was refiled and sustained. The petitioners again appeal.— *Affirmed.*

*G. I. Miller,* for appellant.

*Parslow & Peters,* for appellees.

LADD, J.— The personal property of Anderson and Wahl was entirely in Nodaway township. But the farm was in the different Independent School Districts of Jackson and McCowen districts which were contiguous. It was assessed as in the Independent School District of Jackson, in which the only dwelling house on the premises was located and whose school the children residing therein attended. A large portion of this property was kept in the Independent District of McCowen the greater part of the year, and by petition it requested the local board of review of Nodaway township to cause the stock so kept to be entered on the assessment roll as in that school district. This request was based on section 1313 of the Code, providing that: " If personal property not consisting of moneys, credits, corporation or other shares of stocks or bonds has been kept in another assessment district the greater part of the year preceding the first of January or portion of that period during which it was owned by the person subjected to taxation therefor, it shall be taxed where it has been so kept." It is doubtful, to say the least, whether by " assessment districts " is meant any subdivision less than those having an assessor and a local board of review. Indeed, it would seem that within the township personal property might well be assessed to the owner in the school district where he resides,

as such district must have the burden of furnishing school facilities for the members of his family of school age. If so construed, both districts were in the same assessment district, and this statute is without application.

But the district court put its decision on another ground, and held that the local board of review was without authority to determine the issue raised. It is conceded that such tribunals are without power save as conferred by statute. Cooley on Taxation (2d Ed.) 418; Jaggard on Taxation, 378. After providing that the township trustees shall constitute the board of review and the times of meeting, section 1370 of the Code empowers the board to " adjust assessments for the township . . . by raising or lowering the assessment of any person, partnership, corporation or association as to any or all of the items of his assessment, in such manner as to secure the listing of property at its actual value and shall also add to the assessment rolls any taxable property not included therein, assessing the same in the name of the owner thereof, as the assessor should have done." Section 1371 requires the township clerk to keep a record of the proceedings and the assessor to " make upon the assessment rolls all corrections or additions directed by the board. At such meetings it shall be the duty of the assessor to read each and every taxpayer's name and the assessment on the assessor's books, and, if the assessment is approved, pass to the next name. After checking the same the board shall then take up the unchecked names in alphabetical order, and raise or lower the same as in their opinion will be just; checking off each taxpayer as the same is adjusted." The next section has reference to the giving of notice of the raising of assessments and an opportunity of being heard. Section 1373 relates to the complaint of any person aggrieved by the action of the assessor and the appeal to the district court from the decision of the board of review.

Conceding that these statutes should be liberally con-

strued, they do not confer authority on the local board of review to transfer property for assessment purposes from one school district to another. By section 1370 it may adjust the assessments of the township. But how? This is not left to its decretion. It is to be done by "raising or lowering the assessments in such manner as to secure the listing of property at its taxable value." It may "add to the assessment rolls any taxable property not included therein." If the property is included, the board is without authority to enter on the assessment rolls. This clearly appears from what follows, for it is to assess "the same in the name of the owner thereof as the assessor should have done." That in adding personal property to the rolls the board should do so in the proper location is doubtless true, for this is as the assessor should have done. But this is an entirely different matter from determining in what particular locality the property on the rolls should have been assessed and transferring it from one to another or one district to another. Such authority is not expressed and cannot be implied from the most liberal construction of the section. That such was not the intention of the Legislature appears from the sections following. Some things appear to have been left entirely to the assessor, and one of these is the determination of the locality within the township at which personal property shall be entered on the assessment rolls. This the statutes neither by letter or in spirit authorize the local board to review, and the district court rightly held that it acquired no jurisdiction by the appeal.— *Affirmed.*